LIAM J. GARLAND (STATE BAR NO. 215466)
NISHA N. VYAS (STATE BAR NO. 228922)
DANNY Y. YOO (STATE BAR NO. 251574)
520 S. Virgil Ave., Suite 400
Los Angeles, CA 90020
TEL: (213) 387-8400
FAX: (213) 381-8555
dyoo@hrc-la.org

Attorneys for Plaintiff Maria L. Gomez

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* MARIA L. Gomez, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ELIAS BARHOUM; JAMES MALOUF, aka JAMES MALOOF, aka JIM MALOOF; JUANA VELAZQUEZ,<br><br>Defendants. | **FILED UNDER SEAL**<br>(pursuant to 31 U.S.C. § 3730(b)(2))<br><br>Case No.: CV08-03500 AHM (RCx)<br><br>**COMPLAINT FOR DAMAGES, INJUNCTIVE AND DECLARATORY RELIEF**<br><br>Claims for Relief:<br>1. **False Claims Act**; 31 U.S.C. § 3729<br>2. **Excess Rent Charge – Actual Overcharge**; Los Angeles Municipal Code §§ 151.04(A), 151.05(C); Cal. Civil Code § 1947.11(a)<br>3. **Excess Rent Charge – Reduction in Services**; Los Angeles Municipal Code § 151.02<br>4. **Discrimination – Refusal to Grant Reasonable Accommodation**; Federal Fair Housing Act, 42 U.S.C. § 3601 *et seq.* |

COMPLAINT
- 1 -

LIAM J. GARLAND (STATE BAR NO. 215466)
NISHA N. VYAS (STATE BAR NO. 228922)
DANNY Y. YOO (STATE BAR NO. 251574)
520 S. Virgil Ave., Suite 400
Los Angeles, CA 90020
TEL: (213) 387-8400
FAX: (213) 381-8555
dyoo@hrc-la.org

Attorneys for Plaintiff Maria L. Gomez

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** *ex rel.* **MARIA L. Gomez, an individual,**<br><br>Plaintiff,<br><br>v.<br><br>**ELIAS BARHOUM; JAMES MALOUF, aka JAMES MALOOF, aka JIM MALOOF; JUANA VELAZQUEZ,**<br><br>Defendants. | **FILED UNDER SEAL**<br>(pursuant to 31 U.S.C. § 3730(b)(2))<br><br>Case No.:<br><br>**COMPLAINT FOR DAMAGES, INJUNCTIVE AND DECLARATORY RELIEF**<br><br>Claims for Relief:<br>1. **False Claims Act**; 31 U.S.C. § 3729<br>2. **Excess Rent Charge – Actual Overcharge**; Los Angeles Municipal Code §§ 151.04(A), 151.05(C); Cal. Civil Code § 1947.11(a)<br>3. **Excess Rent Charge – Reduction in Services**; Los Angeles Municipal Code § 151.02<br>4. **Discrimination – Refusal to Grant Reasonable Accommodation**; Federal Fair Housing Act, 42 U.S.C. § 3601 *et seq.* |

COMPLAINT
- 1 -

)   5. **Discrimination – Refusal to Grant Reasonable Accommodation;** California Fair Employment and Housing Act, Cal. Gov't Code § 12900 *et seq.*
)   6. **Discrimination in Operation of Business Establishment;** California Unruh Civil Rights Act, Cal. Civil Code § 52.
)   7. **Unlawful Business Practices;** Cal. Bus. & Prof. Code § 17200 *et seq.*
)   8. **Negligence**

## INTRODUCTION

1.  Plaintiff Maria L. Gomez rented residential property from Defendants Elias Barhoum and James Malouf, pursuant to a federally regulated rent subsidy program known as the Section 8 Tenant Based Housing Choice Voucher Program ("Section 8"). Despite suffering from physical and mental disabilities which have left her unemployed, generally immobile, and reliant on government aid, Ms Gomez has been a tenant for more than a decade, pays her rent on time, and does not cause trouble for any of her neighbors.

2.  Defendants Barhoum and Malouf own several apartment buildings throughout Los Angeles County. They, and their property manager Defendant Juana Valezquez, chose to take advantage of Ms Gomez and her physical and mental disabilities by forcing her to pay excess illegal rent for the past three years. That is, Defendants have demanded more rent than the rent ceiling established by federal, state and local law. They threatened her with eviction if she did not pay the unauthorized rent, and finally effectively evicted her by failing to fix major water leakage and to fumigate the apartment as required by Section 8 regulations. Needless to say, this has substantially reduced the value of her leasehold interests.

COMPLAINT
- 2 -

3. Defendants made false claims and representations concerning the collection of unauthorized rent payments when they collected the rent in excess of the amount approved by the federal government. Defendants' demands for unauthorized rent also violated state and local rent control statutes, which establish a rent ceiling that Defendants ignored with impunity. Additionally, Defendants violated federal and state fair housing laws by conditioning the reasonable accommodation to Plaintiff based on her disability on the payment of this extra, illegal rent.

4. The United States seeks all remedies available under the False Claims Act. Ms. Gomez seeks a statutory share of any awarded damages paid to the United States under the False Claims Act. Ms. Gomez also seeks compensatory and statutory damages under federal, state and local law, in addition to costs and reasonable attorney fees..

## JURISDICTION

5. This court has jurisdiction over the federal claim pursuant to 28 U.S.C. § 1331 and 31 U.S.C. § 3732(a). This court has original jurisdiction over the False Claims Act claim and the Fair Housing Act claim.

6. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine Plaintiff's state law claims because they are related to Plaintiff's federal claims and arise out of a common nucleus of operative facts.

## VENUE

7. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) because all of the acts or omissions giving rise to these claims occurred within the County of Los Angeles, State of California.

## PARTIES

8. Plaintiff United States of America is *ex rel.* Maria L. Gomez.

9. Plaintiff Maria L. Gomez is a 48-year-old single Latina who suffers from debilitating disabilities, including sleep apnea, obesity, arthritis, anemia, borderline lupus, anxiety and depression. Due to her disabilities and difficulty walking, Ms. Gomez is

unemployed and unable to be gainfully employed. As a result, Ms. Gomez is one of approximately 20,000 tenants receiving Section 8 federal housing vouchers from the Housing Authority of the City of Los Angeles ("HACLA"). Many families and individuals wait years to obtain a housing voucher.

10. Defendants Elias Barhoum and James Malouf are and have been the co-owners of the seven-unit subject property at all relevant times herein.

11. Defendant Juana Velazquez has been employed by Defendants Barhoum and Malouf as the off-site manager of the subject property since at least 2002. At all times herein relevant, Defendant Velazquez was acting within the scope of her employment or agency on behalf of Defendants Barhoum and Malouf.

12. Defendants Barhoum, Malouf, and Velazquez (collectively "Defendants") were the agent, employee, partner, co-conspirator, or other authorized representative of the other, and, in committing the acts and omissions alleged hereinafter, were acting within the scope of their agency, employment, partnership, conspiracy, or other authorized representation. Whenever and wherever reference is made in this Complaint to any acts of Defendants, such allegations and reference shall also be deemed to mean the acts of each defendant acting individually, jointly or severally.

## FACTUAL ALLEGATIONS

### General Allegations

13. At all relevant times herein, Ms. Gomez has been the tenant and resident of Apartment No. 3 at 315 South Avenue 55, Los Angeles, California, 90042 ("subject property"). Ms. Gomez has resided at this two-bedroom apartment for approximately eight years. During this time, Ms. Gomez was a recipient of housing assistance from HACLA under the Section 8 Program.

14. Ms. Gomez is informed and believes and based thereon alleges that at all times herein relevant Defendants have acted in concert in their capacities as owners, lessors and/or managers of the apartment building at the subject property to violate her

rights. As owners and managers of residential rental property, Defendants at all times relevant herein were under a duty of care to take reasonable measures to assure that Ms. Gomez was not exposed to unreasonable risk of harm and/or interference of her right to quiet enjoyment of the premises, to comply with all applicable codes, laws and contractual obligations relating to rent control, fair housing, and health and safety, to respect Ms. Gomez's rights to protection from wrongful threats of eviction, and generally to refrain from conduct reasonably likely to cause damage to her.

**Defendants' Collection of Excess Rent**

15. The United States government instituted the Section 8 Tenant Based Housing Choice Voucher Program ("Section 8") to assist low-income families to secure decent, affordable rental housing. The Department of Housing and Urban Development ("HUD") administers the program and enters into annual contribution contracts with public housing agencies such as Housing Authority of the City of Los Angeles ("HACLA").

16. HACLA then enters into a HUD-approved contract, known as a Housing Assistance Payments Contract, with the landlord to make monthly housing assistance payments on behalf of the eligible tenant. The Housing Assistance Payments Contract establishes a monthly rental amount, which the HACLA pays directly to the landlord. It may also provide that the tenant pay a supplemental rent, which is typically 30% of her adjusted income. Most importantly, HACLA computes the maximum rent in accordance with HUD guidelines, whether paid solely by HACLA or by HACLA and the tenant.

17. Ms. Gomez and Defendants entered into a Housing Assistance Payment Contract ("Contract") with HACLA on October 27, 2000 that established a maximum rent of $725. A HUD-prescribed tenancy addendum is incorporated into Ms. Gomez's lease agreement with Defendants. The addendum provides that the owner may not demand or accept any rent that exceeds the tenant's contribution. It also provides that the owner must immediately return any excess rent payment to the tenant. *See* 24 C.F.R. §§

982.308(b)(2) and (f). Under this addendum, Ms. Gomez may enforce against the owner any right or remedy, and the terms of the addendum prevail over any conflicting lease term

18. Therefore, by HUD rules, Defendants could not charge or collect more rent than $725 per month for the unit during Ms. Gomez's tenancy. Over the course of Plaintiff's tenancy, Defendants made multiple requests to HACLA to increase the total monthly rent. All such requests were denied.

19. Defendants further agreed in the Contract that endorsement of a HACLA check was certification that, except for the HACLA check and any tenant rent provided for in the Contract, "the owner has not received and will not receive any payments or other consideration (from the Family, the PHA, HUD or any other public or private source) as rent for the Contract Unit."

20. Yet Defendants forced Ms. Gomez under the threat of eviction to pay in excess of her share of the rent in each month from August 2004 to October 2007. During this time, Ms. Gomez's share of the rent was $24,280, but Defendants illegally collected $32,742.10 from her. Over the course of 39 consecutive months—a period over **three** years, Defendants collected a total of approximately $8,462.10 in excess, illegal rent from Ms. Gomez.

**Defendants' Refusal to Provide Reasonable Accommodation**

21. In 1993, Ms. Gomez had a Cocker Spaniel dog, named Champagne. She needed the dog as a companion animal to aid coping with the symptoms of her disabilities. Champagne often woke her up when she needed to take her medications. Also, having a dog gave her companionship, joy, motivation and reason to get up and walk despite her arthritis and obesity. In July 2005, Ms. Gomez's best friend passed away and her daughter moved out. Then in October 2005, Champagne passed away as well, after twelve years as loyal companion to Ms. Gomez. Experiencing these personal losses caused Ms. Gomez to become depressed. In or about December 2005, Ms. Gomez

got another Cocker Spaniel named Sandy to help her with her depression.

22. Ms. Gomez has been receiving treatment and medication for depression since at least December 2005, when she became a patient at Northeast Mental Health, Los Angeles County Department of Mental Health. Her psychiatric social worker at that facility, Louis F. Suncin, ACSW/M.S.W., wrote a letter dated October 1, 2007, explaining Ms. Gomez's condition and why she needs a companion animal to deal with her mental disabilities. His letter stated:

> It is therapeutically imperative that [Ms. Gomez] be able to keep her companion animal as the relationship she has developed with her dog helps ameliorate some of her entrenched symptoms. My client is obese and this relationship assists the client to get out of bed (when she feels inclined to remain in it all day), to take care of the dog by feeding it and walking it, a limited but important physical activity that benefits the client by giving her a sense of purpose and responsibility. . . . It is important to her mental health that she keeps her dog.

23. In or about January 2006, Defendants told Ms. Gomez that she could not have the dog in her apartment. Ms. Gomez informed Defendants that she needed the dog for her depression, but Defendants insisted that she could not keep the dog in the apartment.

24. Defendants represented to Ms. Gomez that they had the power and legal authority to either refuse to allow her to keep the dog or to charge extra rent for the dog. Defendants told Ms. Gomez that she could keep the dog in the apartment on condition that she pay an additional $100 per month. By charging a $100 penalty for a dog that is part of Ms. Gomez's therapy, Defendants took advantage of Ms. Gomez's disability. She reasonably relied on her landlords' representation of their legal authority to do this, and she reasonably feared that she would immediately lose her therapy animal if she refused to pay the extra rent. Under duress and intimidation, Ms. Gomez reluctantly paid Defendants an extra $100 per month for all of 2007 in exchange for the Defendants' permission to keep the dog.

**Defendants' Failure Repair Ms Gomez's Unit**

25.Ms. Gomez's apartment has failed several Section 8 Annual Inspections over the past several years. One inspection report identified "MAJOR" problems with the unit. HACLA threatened on several occasions to stop payments to the landlord until the landlord made the necessary repairs.

26.At the time Ms. Gomez moved into her apartment at the subject property in 2000, Defendants told Ms. Gomez that the carpet in her apartment was new. Unfortunately, Ms. Gomez's apartment experienced major water leaks throughout her tenancy. Until 2007, Ms. Gomez washed the carpet at least three times at the request of Section 8 inspectors.

27.The situation became unbearable in 2007. At one point, water leaked through the walls, ceiling and floor, soaking the carpet and causing nauseous and filthy odors to permeate the entire apartment. Defendants came by the apartment to assess the water damage and told Ms. Gomez that there must be a leaky pipe in the plumbing system. Ms. Gomez asked Defendants to replace the carpet, but Defendants told her to go ahead and fix it herself. Eventually, Ms. Gomez paid $600-$700 out of her own pocket to remove the soggy carpet. Then, on or about the second week of October 2007, Defendants told Ms. Gomez that she can get in trouble for removing the carpet.

28.On or about November 26, 2007, Ms. Gomez contacted a Section 8 worker who informed her that her apartment would be re-inspected on December 12, 2007, and that if the landlord did not make the necessary repairs, including installing a new carpet, the unit would not pass the inspection and the Section 8 contract would be cancelled.

29.On or about January 3, 2008, Defendants told Ms. Gomez during a phone conversation that he would install a new carpet in the apartment only if Ms. Gomez signed an agreement waiving her right to sue for any excess rent he had collected from her.

## PLAINTIFFS' CAUSES OF ACTION

30. Plaintiffs' first three claims for relief are based on the Defendants' collection of unauthorized rent, which violates the federal False Claims Act and municipal codes. The next three claims for relief are based on Defendants' refusal of a reasonable accommodation, which violates federal and state fair housing laws. The final two claims are based on other state laws.

## FIRST CLAIM FOR RELIEF
### Violation of False Claims Act; 31 U.S.C. § 3729
### (UNITED STATES *ex rel* Maria Gomez Against
### Defendants Barhoum and Malouf)

31. Plaintiff realleges and incorporates by reference paragraphs 1 through 30 of this complaint, and makes them a part hereof as though fully set forth herein.

32. The False Claims Act ("FCA") provides that any person who "knowingly presents . . . a false or fraudulent claim for payment or approval" to the United States is liable on each such claim for a civil penalty of not less than $5,500 and not more than $11,000, plus three times the amount of damages sustained by the United States. In addition, any person who violates the FCA is liable for the costs of the civil action brought to recover such penalty or damages. 31 U.S.C. §3729(a); 28 C.F.R. 85.3(a)(9).

33. Defendants agreed in paragraphs 5(e) and 5(f) of the Tenancy Addendum:

> e. The owner may not charge or accept, from the family or from any other source, any payment for rent of the unit in addition to the rent to owner. Rent to owner includes all housing services, maintenance, utilities and appliances to be provided and paid by the owner in accordance with the lease.
>
> f. The owner must immediately return any excess rent payment to the tenant.

34. In violation of this agreement, Defendants knowingly endorsed and presented to the United States for payment 39 separate housing assistance checks totaling $8,966.00, while receiving rent payments from Maria Gomez in excess of the rent as

fixed by HACLA.

35. Defendants' endorsement and presentment of each housing assistance payment check for each month while they knowingly received unlawful excess rent from Plaintiff constitutes a separate false claim or representation against the United States.

36. Defendants knowingly made or used, or caused to be made or used, false records or statements to get false or fraudulent claims paid or approved by officials of the United States Government in violation of 31 U.S.C. §3729(a)(2).

37. The United States suffered damages because the housing assistance payment money which HUD disbursed to HACLA for payment to Defendants under the Section 8 Program on behalf of Plaintiff Gomez would not have been paid to the Defendants absent their false claims and misrepresentations.

## SECOND CLAIM FOR RELIEF

**Violation of Los Angeles Municipal Code §§ 151.04 and 151.05(C); California Civil Code § 1947.11(a)**

**(Ms. Gomez Against All Defendants)**

38. Plaintiff realleges and incorporates by reference paragraphs 1 through 37 of this complaint, and makes them a part hereof as though fully set forth herein.

39. California Civil Code § 1947.11(a) provides:

In any city, county, or city and county which administers a system of controls on the price at which residential rental units may be offered for rent or lease and which requires the registration of rents, upon the establishment of a certified rent level, any owner who charges rent to a tenant in excess of the certified lawful rent ceiling shall refund the excess rent to the tenant upon demand. If the owner refuses to refund the excess rent and if a court determines that the owner willfully or intentionally charged the tenant rent in excess of the certified lawful rent ceiling, the court shall award the tenant a judgment for the excess amount of rent and may treble that amount. The prevailing party shall be awarded attorney's fees and court costs.

40. Los Angeles Municipal Code § 151.02 specifically provides that rental

property falling under the jurisdiction of the Rent Ordinance include "rental units for which rental assistance is paid pursuant to the Housing Choice Voucher Program codified at 24 CFR part 982 . . . those units are subject to the provisions of this article to the fullest extent allowed by law."

41. Los Angeles Municipal Code § 151.04(A) makes it "unlawful for any landlord to demand, accept or retain more than the maximum adjusted rent permitted pursuant to this chapter or regulation or orders adopted pursuant to this chapter."

42. Los Angeles Municipal Code § 151.05(C) further states:

> The landlord shall maintain records setting forth the maximum rent for each rental unit. Each landlord who demands or accepts a higher rent than said maximum rent shall inform the tenant or any prospective tenant of the rental unit in writing of the factual justification for the difference between said maximum rent and the rent which the landlord is currently charging or proposes to charge.

43. Defendants have knowingly demanded, accepted or retained from Ms. Gomez more rent than the rent ceiling without providing Ms. Gomez with written notice explaining the factual justification for each proposed difference in rent.

44. Ms. Gomez paid the illegal excess rent to Defendants. As a result, she suffered monetary loss in the amount of approximately $8,462.10.

## THIRD CLAIM FOR RELIEF

### Violation of Los Angeles Municipal Code § 151.02

### (Ms. Gomez Against All Defendants)

45. Plaintiff realleges and incorporates by reference paragraphs 1 through 44 of this complaint, and makes them a part hereof as though fully set forth herein.

46. Los Angeles Municipal Code § 151.02 defines a rent increase for purposes of the Rent Ordinance as "[a]n increase in rent *or any reduction in housing services where there is not a corresponding reduction in the amount of rent received.*" (emphasis added).

47.     Los Angeles Municipal Code § 151.02 also defines "Housing Services" as "Services connected with the use or occupancy of a rental unit including, but not limited to, utilities (including light, heat, water and telephone), *ordinary repairs or replacement*, and maintenance, including painting. This term shall also include the provision of elevator service, laundry facilities and privileges, common recreational facilities, janitor service, resident manager, refuse removal, *furnishings*, food service, parking and any other benefits privileges or facilities."

48.     Defendants had actual and constructive notice of the decreases in housing services by not repairing her unit, but did not grant Ms. Gomez corresponding reductions in rent.

49.     By failing to reduce Ms. Gomez's rent to compensate for the decreases in housing services at the Premises, Defendants have charged rent which exceeds the limitations set forth in the Rent Ordinance.

## FOURTH CLAIM FOR RELIEF

### Violation of Federal Fair Housing Act; 42 U.S.C. § 3604 *et seq.*

### (Ms. Gomez Against All Defendants)

50.     Plaintiff realleges and incorporates by reference paragraphs 1 through 49 of this complaint, and makes them a part hereof as though fully set forth herein.

51.     The Fair Housing Act provides that discrimination on the basis of disability includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B).

52.     Ms. Gomez made a reasonable accommodation request to have her therapy animal occupy her dwelling.

53.     Defendants refused plaintiff's reasonable accommodation requests in violation of the federal Fair Housing Act by charging a rent surcharge for Ms. Gomez's therapy animal.

# FIFTH CLAIM FOR RELIEF

**Violation of California Fair Employment and Housing Act; Cal. Gov. Code §§ 12927(c)(1), 12955(a) and (d).**

**(Ms. Gomez Against All Defendants)**

54. Plaintiff realleges and incorporates by reference paragraphs 1 through 53 of this complaint, and makes them a part hereof as though fully set forth herein.

55. The Fair Employment and Housing Act provides that discrimination on the basis of disability "includes refusal to make reasonable accommodations in rules, policies, practices, or services when these accommodations may be necessary to afford a disabled person equal opportunity to use and enjoy a dwelling." CAL. GOV. CODE § 12927(c)(1).

56. Ms. Gomez made a reasonable accommodation request to have her therapy animal occupy her dwelling.

57. Defendants refused plaintiff's reasonable accommodation requests in violation of the Fair Employment and Housing Act by charging a rent surcharge for Ms. Gomez's therapy animal.

# SIXTH CLAIM FOR RELIEF

**Violation of California UNRUH Civil Rights Act**

**(Ms. Gomez Against All Defendants)**

58. Plaintiff realleges and incorporates by reference paragraphs 1 through 57 of this complaint, and makes them a part hereof as though fully set forth herein.

59. The Unruh Civil Rights Act states:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, *disability, medical condition*, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

CAL. CIV. CODE § 51(b) (emphasis added).

60. In committing the acts herein alleged, defendants have engaged in a practice of unlawful discrimination in the operation of the subject property based on disability against Ms. Gomez, and therefore have discriminated against Ms. Gomez in violation of the California Unruh Civil Rights Act. CAL. CIV. CODE §§ 51 and 54.1.

## SEVENTH CLAIM FOR RELIEF

### Violation of Cal. Bus. & Prof. Code § 17200 *et seq.*

### (Ms. Gomez Against All Defendants)

61. Plaintiff realleges and incorporates by reference paragraphs 1 through 60 of this complaint, and makes them a part hereof as though fully set forth herein.

62. Defendants' conduct was immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers, or threatens or harms competition, such that it constitutes an unfair practice under the Unfair Competition Act. CAL. BUS. & PROF. CODE § 17200 *et seq.* The aforementioned conduct of Defendants, and each of them, against Ms. Gomez was likely to deceive, and thus constituted a fraudulent practice under the Unfair Competition Act.

63. In committing the acts alleged herein, Defendants have engaged in a practice of unlawful discrimination in the operation of the subject property based on disability, and therefore have engaged in acts of unfair competition or unlawful business practices as defined in California Business & Professions Code § 17200 *et seq.* Defendants have profited from the conduct and are consequently required to disgorge their ill-gotten profits by making restitution to the victims of their conduct.

## EIGHTH CLAIM FOR RELIEF

### Negligence

### (Ms. Gomez Against All Defendants)

64. Plaintiff realleges and incorporates by reference paragraphs 1 through 63 of this complaint, and makes them a part hereof as though fully set forth herein.

65. Defendants breached their duty to Ms. Gomez by the acts alleged herein.

COMPLAINT
- 14 -

The acts of Defendants were careless and negligent.

66. As a direct result of Defendants' acts and omissions, Ms. Gomez suffered rent overpayment, loss of the use and enjoyment of her rental unit, and damages of personal property loss, bodily injury and emotional distress.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Maria Gomez and the United States of America respectfully request the following specific relief and judgment against the DEFENDNANTS, and each of them, jointly and separately, as follows:

1. Declare that Defendants violated the False Claims Act and are liable to the United States of America;

2. Declare that the discriminatory practices of Defendants as set forth above violate the Fair Housing Act, California Fair Employment and Housing Act, California Unruh Civil Rights Act, and California Unfair Business Practices Act;

3. Enjoin Defendants, their agents, employees, successors, and all other persons in active concert or participation with any of Defendants from continuing to discriminate on the basis of disability against Plaintiff Gomez or against any other person who is a tenant at the subject property or any other properties owned or managed by Defendants, or a potential applicant for tenancy in any of the properties owned or managed by Defendants, in violation of the above federal and state laws;

4. Assess a civil penalty against Defendants for each separate violation of the False Claims Act in the amount of not less than $5,500 or more than $11,000;

5. Award the United States three times the amount of damages, which it sustained as a result of the Defendants' acts;

6. Award Plaintiff Gomez the *qui tam* plaintiff's share of the proceeds or settlement pursuant to 31 U.S.C. § 3730 (d);

7. Award three times the excess rent that Defendants collected, demanded or retained from Ms. Gomez, pursuant to Los Angeles Municipal Code § 151.10(A);

8. Award up to three times the amount of actual damages, but not less than $4,000 for each violation, against each DEFENDANT pursuant to California Civil Code section 52;

9. Award general, special, and actual damages with interest according to proof;

10. Award of reasonable attorney's fees and costs to Plaintiff Gomez pursuant to the federal False Claims Act, the federal Fair Housing Act, and the California Fair Employment and Housing Act, and the Los Angeles Municipal Code § 151.10(A);

11. Award punitive damages sufficient to punish Defendants, and each of them, and deter others from engaging in similar misconduct in the future;

12. For all other Orders, findings and determinations identified and sought in this Complaint; and

13. For such further relief as the Court deems just and proper.

Dated:                                                Respectfully Submitted,

                                                      _____
                                                      By: Danny Y. Yoo
                                                      Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge A. Howard Matz and the assigned discovery Magistrate Judge is Rosalyn M. Chapman.

The case number on all documents filed with the Court should read as follows:

### CV08- 3500 AHM (RCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

======================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| UNITED STATES OF AMERICA ex rel. MARIA L. GOMEZ, an individual | ELIAS BARHOUM; JAMES MALOUF, aka JAMES MALOOF, aka JIM MALOOF; JUANA VELAZQUEZ |
| (b) County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases): Los Angeles | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only): Los Angeles |
| (c) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br> LIAM J. GARLAND - SBN 215466    (213) 387-8400 <br> DANNY Y. YOO - SBN 251574 <br> 520 S. Virgil Ave., Suite 400 <br> Los Angeles, CA 90020 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
31 U.S.C. Section 3729 et seq. Plaintiff brings a cause of action under the False Claims Act and other Federal and State laws.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | | | | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☒ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 362 Personal Injury-Med Malpractice | ☐ 443 Housing/Acco-mmodations | | ☐ 840 Trademark |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| | ☐ 240 Torts to Land | | ☐ 440 Other Civil Rights | | FEDERAL TAX SUITS |
| | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No  ☐ Yes
If yes, list case number(s): _____

**FOR OFFICE USE ONLY:** Case Number: _____

CV-71 (07/05)                                 CIVIL COVER SHEET                                 Page 1 of 2

CV08-03500

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☒ No  ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☒ Check here if the U.S. government, its agencies or employees is a named plaintiff.

*Los Angeles County*

List the California County, or State if other than California, in which **EACH** named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.

*Los Angeles County*

List the California County, or State if other than California, in which **EACH** claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.

*Los Angeles County*

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____  Date 5/28/08

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |