JS-6;  O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3500 AHM (RCx) | Date | March 29, 2010 |
|---|---|---|---|
| Title | UNITED STATES *ex rel.* MARIA L. GOMEZ v. ELIAS BARHOUM, *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:**      IN CHAMBERS (No Proceedings Held)

The Court rules on the parties' dispute regarding attorneys' fees as follows.

## I.     DISCUSSION

### A.     Amount Sought by Plaintiff

Plaintiff, represented by attorneys at the Housing Rights Center ("HRC"), seeks $32,375.00 in attorneys' fees, $1,902.57 in costs, and an additional $2,950 in attorneys fees for time spent in connection with this motion, for a total of of $37,227.57.  HRC calculated these fees using the lodestar method (*i.e.*, based on the hours expended on the case multiplied by counsel's 2008-09 hourly rates).  Specifically:

| Attorney | Graduation Year (from law school) | Hours spent | Hourly rate | Total |
|---|---:|---:|---:|---:|
| Danny Yoo | 2007 | 85.0 | $250 | $21,250.00 |
| Liam Garland | 2001 | 12.6 | $350 | $4,410.00 |
| Michelle Uzeta | 1992 | 5.2 | $450 | $2,340.00 |
| Elena Monroy | n/a | 35.0 | $125 | $4,375.00 |

Total: $32,375.00

JS-6;  O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3500 AHM (RCx) | Date | March 29, 2010 |
|---|---|---|---|
| Title | UNITED STATES *ex rel.* MARIA L. GOMEZ v. ELIAS BARHOUM, *et al.* | | |

Detailed documentation of the hours billed is attached as Exhibit E to Yoo's declaration.[1]

In support of these hourly rates, Plaintiff's counsel provides the following:

- Declarations of Ms. Uzeta and Mr. Yoo, who describe their educational backgrounds and experience (as well as that of Mr. Garland) and testify that the hourly rate that they charge is what is listed above.

- Declaration of Shawna Parks, the Legal Director at the Disability Rights Legal Center (DRLC) in Los Angeles (and 1999 graduate of Boalt) who opines that DRLC charges well in excess of what Plaintiff's counsel is claiming, and that Plaintiff's counsel's rates are reasonable.

- Declaration of Christopher Brancart, a partner at Brancart & Brancart, a small partnership that focuses on litigating housing discrimination cases. Brancart testifies that the rates charged by Plaintiff's counsel are lower than those billed at other law firms for attorneys of comparable skill, experience, and specialization.

- Declaration of Richard Rothschild, a 1975 graduate of USC law and the Director of Litigation at the Western Center on Law and Poverty who has an expertise in attorneys' fees.  He wrote the chapter on attorneys' fees for the Fed. Practice Manual for Legal Aid Attorneys and was appointed in 2003 by Judge Morrow to serve as a Special Master on **an** attorneys' fees issue **in** a civil rights case pursuant to a consent decree. (Rothschild Decl. ¶ 3.)  He opines that the rates charged by Plaintiff's counsel are "well within the range of hourly rates that private attorneys charge their fee-paying clients in Los Angeles, and perhaps on the low end of that range." (*Id*. ¶ 5.)  Rothschild bases his opinion (in part) on a 2008 National Billing Rate Survey conducted by the National Law Journal (attached as Exh. A to his declaration) that indicates large law firms charge much higher rates. (*Id*. ¶ 6.)

---

[1] There is no dispute over whether these records are detailed enough.

JS-6; O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3500 AHM (RCx) | Date | March 29, 2010 |
|---|---|---|---|
| Title | UNITED STATES *ex rel.* MARIA L. GOMEZ v. ELIAS BARHOUM, *et al.* | | |

### B. Defendants' Objections

Defendants believe that Plaintiff should be entitled to only $13,200 (based on the prevailing market value for contingency cases), or alternatively, $20,775.00 (based on lower hourly rates and exclusion of 11 hours claimed by Mr. Yoo), plus $1,900 for attorneys fees in connection with this motion.

#### 1. Use of Lodestar Method for Calculating Fees

Defendants object to Plaintiff's counsel calculating their fees based on the lodestar method, because Plaintiff's counsel never actually charged or billed Plaintiff for their services. (Opp'n at 4-7.) Defendants claim that the records reflect that Plaintiff was represented on a contingency fee basis, and that therefore Plaintiff's counsel should be entitled to no more than 1/3 of the pre-trial settlement, which is $13,200.00 (1/3 of $40,000).

Defendants do not cite to any case that supports the argument that in cases such as this (*i.e.*, where a public interest firm represents a client without charge) reasonable attorneys' fees should be based on what the attorneys would have recovered under a contingency fee arrangement. Defendant relies on the testimony of Leonard Siegel, a partner at Kulik, Gottesman, Mouton & Siegel (a 13-attorney firm) who has practiced in California for 34 years and represents homeowner associations. (*See* Siegel Decl. ¶¶ 1-8.) Siegel opines that it is his "experience that the typical contingency arrangement in the Los Angeles area provides that the attorney's fee upon a settlement short of trial is no more than 1/3 share of the settlement amount." (*Id.* ¶ 13.)

Defendants have not adequately explained why the lodestar method is not a proper method for determining what reasonable attorneys' fees are in this case. As Plaintiff points out, civil rights cases are often brought to obtain something other than monetary relief. Limiting the recovery of attorneys' fees in such cases would create an incentive to bring only those cases that are likely to produce large damage awards. Thus, the proper method of calculating attorneys' fees should be based on the work actually done by her attorneys.

#### 2. Hourly Rate Charged by Plaintiff's Counsel

JS-6; O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3500 AHM (RCx) | Date | March 29, 2010 |
|---|---|---|---|
| Title | UNITED STATES *ex rel.* MARIA L. GOMEZ v. ELIAS BARHOUM, *et al.* | | |

Second, Defendants argue that even if the lodestar method is proper, the hourly rates requested for Ms. Uzeta, Mr. Garland, and Mr. Yoo "grossly exceed the prevailing market rate for litigating housing discrimination claims under the Federal Fair Housing Act, California Fair Employment and Housing Act, and California Unruh Civil Rights Act claims." (Opp'n at 7.)

Defendants' fee expert Leonard Siegel opines (based on actual billing practices, information obtained about other firms' billing rates, and his experience in opposing and making fee motions) that a reasonable rate for this type of case should be the following:

Mr. Yoo (2nd year associate):    $170
Mr. Garland (7-year attorney):   $200
Ms. Uzeta (17-year attorney):    $250

(Siegel Decl. ¶ 21). Thus, if the Court establishes attorneys' fees using the lodestar method, Defendants believe Plaintiff's counsel should receive only $20,775.00 (which includes a reduction of Mr. Yoo's claimed hours from 85 to 76, as described in the following subsection). Defendants provide the following reasons why Plaintiff's counsel have failed to meet their burden of establishing the fees they seek are reasonable:

- The Declarations of Ms. Uzeta and Mr. Yoo are insufficient to carry Plaintiff's burden of demonstrating that their claimed, but unbilled hourly rates are reasonable.

- Defendants' fee expert Leonard Siegel has been practicing for twice as long as Ms. Uzeta and his hourly rate for litigating discrimination claims is $290 per hour (Siegel Decl. ¶ 20)

- Mr. Rothschild's opinion is flawed because it is based on a comparison of fees charged by "prestigious large firms" such as a Buchalter Nemer, Manatt Phelps & Phillips, and Sheppard Mullin. HRC, by contrast, has only 3 attorneys and its clients are usually individuals; therefore it is unlikely that HRC could command large firm rates for litigating housing discrimination claims.

JS-6; O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3500 AHM (RCx) | Date | March 29, 2010 |
|---|---|---|---|
| Title | UNITED STATES *ex rel.* MARIA L. GOMEZ v. ELIAS BARHOUM, *et al.* | | |

- Shawna Parks' declaration is irrelevant and inadmissible because the DRLC admittedly does not charge any client attorney's fees; therefore, she cannot opine on what rates are actually charged by lawyers who actively prosecute or defend fair housing and discrimination claims.

- Christopher Brancart's testimony lacks foundation because he does not testify what he charges or what firms in Los Angeles bill the rates that he claims are higher than the rates being claimed by Plaintiff's attorneys.

Siegel concludes that the HRC staff of 3 attorneys is "tantamount to a small firm and is not comparable to a prestigious law firm such as Buchalter Nemer, Manatt Phelps & Phillips, or Sheppard, Mullin, Richter & Hampton." (*Id.* ¶ 23.)

The Court finds that Plaintiffs' counsels' rates are reasonable.

3.  <u>11 Hours Claimed by Mr. Yoo</u>

Third, Defendants argue that 11 hours claimed by Mr. Yoo is inappropriate. (*See* Siegel Dec. ¶ 27.) The chart below summarizes the objections and Plaintiff's response, if any:

| Defendants' Objection | Plaintiff's Response | Ruling |
|---|---|---|
| 5.3 of the 11.3 hours spent drafting the 16-page complaint (*i.e.* Defendants believe it should only have taken 6 hours total) | The HRC is not experienced with regard to False Claims Act ("FCA") litigation, so counsel was required to research new legal and procedural issues. Also, the FCA has a heightened pleading requirement and was filed under seal, which caused counsel to incur more hours than might otherwise be expended. | Six (6) hours is reasonable, not more. |
| 1 hour spent "filing" the Complaint | No response | One (1) hour to be awarded. |

**JS-6**; O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3500 AHM (RCx) | Date | March 29, 2010 |
|---|---|---|---|
| Title | UNITED STATES *ex rel.* MARIA L. GOMEZ v. ELIAS BARHOUM, *et al.* | | |

| | | |
|---|---|---|
| 4.7 of the 6.5 hours spent preparing for the 2-hour deposition of Mr. Barhoum (*i.e.*, Defendants believe that no more than 1.8 hours preparing for the deposition should be awarded) | The deposition was expected to last all day or longer, but two days before the scheduled deposition, Defendants' counsel informed Mr. Yoo that due to a scheduling conflict, he would only be producing his client for 2 hours. | Four (4) hours to be awarded. |

## II.  CONCLUSION

Accordingly, Plaintiff is awarded $33,375 in attorneys' fees ($30,425 (original motion for attorneys' fees, with Mr. Yoo's hours reduced by 7.8), plus $2,950 (fees for litigating this motion)), in addition to $1,902.57 in costs, for a total award of $35,277.57.

No hearing is necessary.  Fed. R. Civ. P. 78; L. R. 7-15.

**JS-6**

                                                                                                              :

Initials of Preparer                    SMO